## GOULD v. MARSH, appellant.

*Chattel mortgage — priority between mortgages to secure negotiable paper — Holder in good faith.*

C., to secure the defendant, gave a chattel mortgage upon certain property. This mortgage defendant gave to M. to file, M. promising to file it. M. did not file it, and afterward, upon an indebtedness from C. to himself, received from C. three promissory notes and a chattel mortgage upon the same property for their amount. One of these notes before maturity M. transferred to plaintiff, who took it in good faith and for value, knowing that it was secured by the mortgage to M., and not knowing of the mortgage to plaintiff. *Held*, that while the mortgage to defendant was valid and a prior lien as to the mortgage to M. while in the hands of M., it was not so as to such mortgage after the transfer of the note to plaintiff to the amount of the note.

APPEAL from a judgment entered upon the report of a referee in favor of plaintiff. The action was brought in Livingston county by Seward F. Gould against John R. Marsh, to recover possession of certain personal property alleged to be wrongfully detained by defendant.

The property, which consisted of printing machinery and materials, on the 20th of May, 1870, belonged to one James Morton. He on that day sold and delivered the same to one Jane Cotter for the price of $3,000. Of this $500 was paid in cash, and the purchaser's note for $500, payable sixty days from date, indorsed by her son, was given. This note was offered for discount, which was refused unless another indorser was secured. On the 25th of May, for the purpose of procuring defendant to indorse the note, a chattel mortgage was given to him upon the property. This mortgage defendant delivered to Morton, the original owner of the property, and requested him to file it in the town clerk's office, which Morton promised to do, and defendant supposed it was so filed, but Morton did not file it as promised. On the 16th of June, 1870, and after the delivery to him for filing of said mortgage, Morton received from Jane Cotter, as payment of the balance of the purchase-money of said property, three notes of $666.66 each, dated May 20, 1870, and payable respectively January 20, 1871, July 20, 1871, and January 20, 1872, and on the same day, June 16, 1870, she executed and delivered to Morton as further security for the amount due on the

notes, a chattel mortgage upon the property mentioned for $2,000, conditioned to pay the amounts named in the notes at the times specified in said notes respectively. This chattel mortgage was on the same day filed in the proper town clerk's office.

The note falling due January 20, 1871, was after the mortgage was filed discounted by plaintiff, a banker, in the usual course of his business, for said Morton, plaintiff knowing of the existence of the mortgage to Morton and that it was security for the note, but not knowing of that to defendant. The note to defendant was not paid when due and defendant then first discovered that Morton had not filed the chattel mortgage given to defendant, and he thereupon and on the 17th of September, 1870, caused it to be filed in the town clerk's office. Subsequent to this filing Morton transferred the two notes to him, falling due July 20, 1871, and January 20, 1872, to one Flower, who transferred them to plaintiff.

Defendant foreclosed and sold under his mortgage on the 1st of March, 1871, and purchased the property himself at the sale for $700. Plaintiff foreclosed the Morton mortgage and sold the property March 4, 1871, purchasing the same himself.

After demand of the defendant of the possession of such property this action was brought.

*E. A. Nash,* for appellant. Plaintiff's mortgage, although first filed, was, in Morton's hands, a lien subsequent to defendant's mortgage. *Van Heusen* v. *Radcliff,* 17 N.Y. 580, 583 ; *Tiffany* v. *Warren,* 37 Barb. 571 ; *Niles* v. *Clapp,* 41 Barb. 645 ; *Thompson* v. *Van Vechten,* 27 N.Y. 570, 580, 581; *Woodburn* v. *Chamberlin,* 17 Barb. 452; *Dickerson* v. *Tillinghast,* 4 Paige, 220; *Farmers' Loan & Trust Co.* v. *Hendrickson,* 25 Barb. 484. Plaintiff took the mortgage subject to equities between Marsh and Gould. *Schafer* v. *Reilly,* 50 N. Y. 61 ; *Bush* v. *Lathrop,* 22 id. 535 ; *Reeves* v. *Kimball,* 40 id. 299; *Mason* v. *Lord,* id. 476 ; *Davis* v. *Austin,* 1 Ves. 247. The case of *Carpenter* v. *Logan,* 16 Wall., has no application to latent equities between successive transferees of same security and is not in conflict with the authorities cited. It cannot be shown by parol that it was intended the mortgage should pass to plaintiff with the note. *Freeman* v. *Auld,* 44 N. Y. 57 ; *Pattison* v. *Hull,* 9 Cow. 747.

*Jno. A. Vanderlip,* for respondent.

E. DARWIN SMITH, J.   By the express terms of the statute the defendant's mortgage, before it was filed, was absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith.   The notice to Morton of the defendant's mortgage, and his fraud in keeping possession of it and not putting it upon file, according to his agreement and the trust confided to him, till after the mortgage to himself was taken and filed, precludes him from the rights of a subsequent mortgagee or purchaser in good faith.

The single question remains, whether the plaintiff, as the assignee of this second mortgage, acquired any higher rights from Morton than he possessed by the transfer of the promissory notes, which such second mortgage was given to secure.

If the said mortgage was regarded by itself or as a security for a bond, or any other non-negotiable chose in action, no question would remain open to discussion on this point, since the decision of *Bush* v. *Lathrop*, 22 N. Y. 535, affirmed as it has been in *Schafer* v. *Rielley*, 50 id. 66, and *Shelden* v. *Edwards*, 35 id. 279; *Thompson* v. *Van Vechten*, 27 id. 568, and other cases.

But in the case of *Schafer* v. *Rielley*, *supra*, Judge ALLEN (as does Judge DENIO, in *Bush* v. *Lathrop*) recognizes the fact " that a purchaser of a chose in action must abide by the case of the person from whom he bought." The rule admits of exceptions adopted from motives of policy, as Judge ALLEN stated it, either to promote the negotiability of commercial instruments, or to prevent fraud.   Within this exception, I think the plaintiff is entitled to the rights of a *bona fide* purchaser in respect to said mortgage, as the holder of the promissory note for $666.68, dated May 10th and due January 1st, 1871, discounted and received by him at his bank, in the ordinary course of business, in the month of June, 1870, and before the defendant's mortgage was placed on file.   The transfer of said note was in law and equity an assignment or transfer of the mortgage, given to secure it to the extent of the amount of said note.   The notes which said mortgage was given to secure constituted the debt, and the mortgage was the incident, and by presumption of law passed with the transfer of the debt.

A mortgagee is, *pro tanto*, a purchaser, and the assignee of a mortgage without notice is on the same footing with a *bona fide* mortgagee.   *Pierce* v. *Faance*, 47 Me. 514.   In such cases the purchaser looks to and has a right to rely upon the record, and if that shows

no lien or incumbrances prior to the mortgage he has a right to trust to the protection of the statute.

The referee asserted these views in accordance with the decision of the supreme court of the United States, in *Carpenter* v. *Logan,* 16 Wall. 271, where the rights in respect to mortgages given to secure negotiable instruments is fully discussed and very carefully considered, and the doctrine asserted that the purchaser of a negotiable security before its maturity, secured by a mortgage, takes the mortgage as he takes the note, free from the objections to which it was liable in the hands of the mortgagee; that the note and mortgage are inseparable — the former as essential, the latter as the incident. This view seems to me eminently sound, and I think unanswerable. The referee held in accordance with this case and his judgment should be affirmed.

*Judgment affirmed.*